<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RAMON CRUZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF NEWARK, NEWARK POLICE DEPT, ENGINEERING DEPT, EAST SIDE APARTMENTS, *162 New York Ave.*, DR. LUCIO CARDOSO, DR. ELIZABETH CARDOSO, DANIELLE SARATELLI, SR. a/k/a DANNY, DANIELLE SANATELLI, *Lawyer/Prosecutor*, ANTHONY THOMPON and JACKELINE GRACE CARDOWA<br><br>                    Defendants. | Case No. 2:25-cv-04554 (BRM) (JBC)<br><br>**OPINION** |

**Martinotti, District Judge**

Before this Court are two motions to dismiss *pro se* Plaintiff Ramon Cruz's ("Cruz") Complaint (ECF No. 1) filed by Defendants East Side Apartments, LLC i/p/a East Side Apartments ("East Side Apartments"), Dr. Lucio Cardoso ("Dr. L. Cardoso"), and Dr. Elizabeth Cardoso ("Dr. E. Cardoso") (together, "Apartment Defendants") (ECF No. 19-4) and City of Newark i/p/a the City of Newark, the Newark Police Department, and the Newark Engineering Department (the "City Defendant") (together with the "Apartment Defendants", "Defendants") (ECF No. 23-1) for lack of personal jurisdiction based on an insufficient service of process and failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2), (5), and (6). Cruz filed an Opposition (ECF No. 32), and the Apartment Defendants filed their Reply (ECF No. 34).[1] The

---

[1] The City Defendant have elected not to file a reply brief. (ECF No. 35.)

Court has jurisdiction under 28 U.S.C. § 1331.[2] Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Defendants' motions to dismiss are **DENIED**.

## I.   BACKGROUND

For the purpose of this motion, the Court attempts to glean the factual allegations through liberal construction of the Complaint and accepts those allegations as true, drawing all inferences in the light most favorable to the *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *see also Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-5375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011))); *but see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim. And they still must serve process on the correct defendants. At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." (citations omitted)). The Court also considers any "document integral to or explicitly relied upon in the complaint," *In re*

---

[2] As best the Court can tell, the cause of action arises under federal law—*i.e.*, 42 U.S.C. § 1983. (*See generally* ECF No. 1.)

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)), and may review "additional documents the clerk of court has docketed" that are "technically not part of the . . . complaint" given "the liberal approach this court must take when evaluating *pro se* submissions where the *pro se* party is having difficulty articulating their claims." *William-Whitfield v. Commonwealth Lehigh Cnty. Prison*, Civ. A. No. 21-4544, 2022 WL 1291527, at *2 n.4 (E.D. Pa. Apr. 29, 2022) (citing *Edwards v. Rice*, 837 F. App'x 86, 88 (3d Cir. 2020) (per curiam) (finding Fourth Amendment claim based on review of "amended complaint, when read in conjunction with the original complaint and the attached exhibits" despite the general rule that amended complaint supersedes original pleading)).

### A.        Factual Background

Cruz is a seventy-year-old veteran with a handicap. (ECF No. 1 at 4.) From 2021 to 2025, he suffered mental and emotional abuse at the hands of his landlords, the Newark Police, and his neighbors. (*Id.* at 3.) More specifically, Dr. L. Cardoso and Dr. E. Cardoso "us[ed]" gang members and called Newark Police to "come" and "[ab]use" Cruz and his family. (*Id.*)

According to Cruz, on April 17, 2024, the City Defendant authorized the removal of the street handicap signs from the front of his home. (ECF No. 8 at 10.) Additionally, Cruz claims he was wrongfully arrested on March 19, 2025. (*Id.* at 12.) Nine days after his supposed wrongful arrest, Cruz went to submit handicap documents at the Newark Engineering Department, where a female security officer escorted him to the door, kicked him out of the building, and told him that he could not have a handicap in Newark. (ECF No. 17 at 1.) Cruz also documented six isolated incidents of unspecified abuse perpetrated by Newark police officers on (1) February 23, 2023, (2) March 21, 2023, (3) March 27, 2023, (4) April 13, 2023, (5) April 21, 2023, and (6) May 2, 2023. (ECF No. 8 at 13.)

3

### B.       Procedural History

On May 19, 2025, Cruz filed a Complaint against the Apartment Defendants, the City Defendant, as well as Danielle Saratelli, Sr. a/k/a Danny, Anthony Thompson, and Jackeline Grace Cardowa. (ECF No. 1.) Cruz provided proof of service on August 11, 2025. (ECF No. 7.) The City Defendant filed a pre-motion conference letter on August 13, 2025. (ECF No. 5.) However, pursuant to this Court's judicial preferences, "a premotion conference letter is not required where [a] plaintiff is *pro se*." (ECF No. 6 (informing the City Defendant it could proceed with motion practice).) On August 19, 2025, November 14, 2025, and November 21, 2025,[3] Cruz filed various documents to supplement his Complaint.[4] (ECF Nos. 8, 17, 20.) These "[s]ubsequent submissions from [Cruz] consist[] of a string of documents and pictures with little context." (ECF No. 24 at 1.)

On October 21, 2025, the Court issued the following text order: "On August 14, 2025, the Court granted [the City Defendant] leave to file a motion to dismiss. To date, no motion has been filed. [The City Defendant] shall, by November 4, 2025, answer or otherwise respond to the complaint." (ECF No. 11.) On November 3, 2025, the City Defendant requested an extension to file its motion to dismiss (ECF No. 13), which the Court granted on November 4, 2025 (ECF No. 15). Also on November 3, 2025, the Apartment Defendants filed a pre-motion conference letter seeking    permission    to    file    a    motion    to    dismiss    (ECF    No.    12),    which    the

---

[3] As explained in the Court's Order dated January 8, 2026, the Court "does not construe [Cruz's] November 21, 2025 submission to be an opposition." (ECF No. 24 at 2 (citing ECF No. 20).)

[4] Cruz's additional filings appear to be amendments to his Complaint—they contain various photographs, some with headings, and various allegations. (ECF Nos. 8, 17, 20; *see also* ECF No. 24 at 1.) Cruz filed the third so-called supplemental amendment before the Apartment Defendants filed their motion to dismiss and on the same day the City Defendant filed its motion to dismiss. (ECF Nos. 19, 20, 23.) The Court need not and does not decide whether these filings complied with Rule 15(a)(1)(B) because: (1) the Court resolves both motions to dismiss on jurisdictional grounds, and (2) even accepting all the factual allegations contained in the filings as true, the Court does not have personal jurisdiction over the Defendants.

Court granted (ECF No. 21 (ordering the Apartment Defendants' motion to dismiss "shall be filed by December 17, 2025")). That same day, the City Defendant requested an extension to file its motion to dismiss (ECF No. 13), which the Court granted on November 4, 2025 (ECF No. 15).

The City Defendant filed its motion to dismiss on November 21, 2025. (ECF No. 19.) The Apartment Defendants filed their motion to dismiss on December 16, 2025. (ECF No. 23.) On January 8, 2026, the Court directed the City Defendant to submit a certification of service of its motion to dismiss by January 15, 2026, "[b]ecause it [was] unclear [whether] [Cruz] received notice of the motion to dismiss filed by [the City Defendant]." (ECF No. 24 at 2.) Wilson D. Antoine, attorney for the City Defendant, submitted a certificate of service on January 13, 2026. (ECF No. 25.)

On January 20, 2026, Cruz filed a letter requesting additional time to oppose the City Defendant's and the Apartment Defendants' respective motions to dismiss. (ECF No. 27.) Both the City Defendants and the Apartment Defendants consented to the extension. (ECF Nos. 29, 30.) Accordingly, the Court extended Cruz's deadline to oppose the motions to April 6, 2026. (ECF No. 31.) Cruz filed a motion seeking denial of the Defendants' motions to dismiss on April 6, 2026 (ECF No. 32), which this Court construes as an Opposition. (ECF No. 33). The Apartment Defendants filed their Reply on April 13, 2026.[5] (ECF No. 34.)

II.   **LEGAL STANDARD**

   A. **Rule 12(b)(5)**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.,*

---

[5] On April 13, 2026, the City Defendant filed a letter informing the Court "no reply brief is necessary." (ECF No. 35 at 1.) That letter also claims Cruz's Opposition "merely reiterates the topic sentences of the claims in his . . . [C]omplaint." (*Id.*)

484 U.S. 97, 104 (1987). Rule 12(b)(5) allows a party to file a motion to dismiss based on insufficient service of process. *Moses v. Amazon.com.dedc LLC*, Civ. A. No. 16-8675, 2019 WL 7293590, at *2 (D.N.J. Dec. 30, 2019). "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Disantis v. Allied Constr., LLC*, Civ. A. No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. 2018) (quoting *Laffey v. Plousis*, Civ. A. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010)). Any dismissals under this Rule must be without prejudice. *White v. Vydia, Inc., Music Distribs. Cos.*, Civ. A. No. 22-2716, 2023 WL 3675957, at *2 (D.N.J. May 26, 2023).

Pursuant to Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Moses*, 2019 WL 7293590, at *2 (quoting Fed. R. Civ. P. 4(m)). A "summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." *See Serfess v. Equifax Credit Info. Servs., LLC*, Civ. A. No. 13-406, 2015 WL 501972, at *2 (D.N.J. Feb. 5, 2015) (quoting Fed. R. Civ. P. 4(b)). Additionally, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

As noted above, a court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Salaam v. Merlin*, Civ. A. No. 08-1248, 2009 WL 2230925, at *3 (D.N.J. July 22, 2009) (holding "service of process was insufficient for jurisdiction over the party to attach"); *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, Civ. A. No. 10-4941, 2012 WL 2870871, at *2 (D.N.J. July 12, 2012) ("Properly serving a summons that does not comply with Rule 4 for lack of signature or seal fails to confer personal jurisdiction, and a properly issued summons containing signature and seal fails to confer personal jurisdiction if service is not in compliance with the Rules."); *Omni Cap. Int'l Ltd.*, 484 U.S. at 104. "A *pro se* plaintiff's

6

ignorance of the requirements of [R]ule 4[] do[es] not constitute good cause for failure to comply."

*Sykes v. Blockbuster Inc./Viacom*, Civ. A. No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006), *aff'd sub nom., Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006) (citing *Carlton v. Bullet*, Civ. A. No. 85-3546, 1989 WL 125365, at *2 (D.N.J. Oct. 16, 1989)).

## III.    DECISION

According to the City Defendant, this Court does not have personal jurisdiction over the City Defendant because "[Cruz], himself, served only the summons, but no complaint, on the City [Defendant]."[6] (ECF No. 19-4 at 14.) The Apartment Defendants also argue this Court does not have personal jurisdiction over them because Cruz "has failed to comply with any of the [requirements] for proper service of the Summons and Complaint."[7] (ECF No. 23-1 at 6.)

In Opposition, Cruz does not put forth legal arguments but rather lists various factual assertions, which this Court does its best to discern given Cruz's *pro se* status. First, Cruz maintains he and his family suffered a violation of their civil rights. (ECF No. 32 at 1.) Second, he alleges that someone (presumably the Apartment Defendants) had implied that Cruz could not be an army veteran with a disability in Newark. (*Id.*) Third, Cruz alleges his "landlord[s]" threatened to kill him. (*Id.*) Fourth, Cruz asserts that someone called the Newark Police to illegally arrest him. (*Id.* at 2) Fifth, he contends his landlords "put garbage in [his] hand[i]cap parking [spot]" and called

---

[6]  While the City Defendant raises four additional arguments in its motion to dismiss the Court's decision is limited to the threshold issue of service and personal jurisdiction. The City Defendants may file Rule 12(b)(6) motions consistent with the Federal Rules of Civil Procedure and Local Civil Rules after they are properly served.

[7]  The Apartment Defendants' Reply essentially repeats the arguments made in their moving brief, which argue that Cruz has failed to state a claim upon relief can be granted. (*Compare* ECF No. 23-1 at 5–9, *with* ECF No. 34 at 3–6.) Like the City Defendants, the Apartment Defendants may file Rule 12(b)(6) motions consistent with the Federal Rules of Civil Procedure and Local Civil Rules after they are properly served.

the Public Service Enterprise Group, Inc. ("PSEG") to disconnect his electricity. (*Id.*) Sixth, he contends someone stated his family could not live at 162-164 New York Avenue because of their race. (*Id.*) Seventh, Cruz alleges someone (presumably the City Defendant) used the Newark prosecutor to harass his family and invade his personal life. (*Id.*) Last, he claims the City Defendant illegally arrested him and released him that same day. (*Id.*)

While Defendants present various avenues for dismissal, the Court must first satisfy itself of its jurisdictional authority over Defendants. *Tagayun v. Lever & Stolzenberg*, 239 F. App'x 708, 710 (3d Cir. 2007) (vacating an order of dismissal based on plaintiffs' failure to state a claim because the district court failed to assess whether it had either subject matter or personal jurisdiction over the defendants). A court generally does not have jurisdiction over a defendant if there has been an insufficient service of process. *Omni Cap. Int'l Ltd.*, 484 U.S. at 104. The appropriate method to properly effect service of process, however, differs depending on the circumstances. *See* Fed. R. Civ. P. 4(e), (f), (g) (serving an individual); Fed. R. Civ. P. 4(h) (serving a corporation, partnership, or association); Fed. R. Civ. P. 4(i), (j) (serving a government entity). The party making the service bears the burden of demonstrating its sufficiency. *Disantis*, 2018 WL 3647210, at *3 (quoting *Laffey*, 2008 WL 305289, at *3).

Rule 4 provides that service on a state or state-created governmental organization like a city "must be served by[] delivering a copy of the summons *and* of the complaint to its chief executive officer[] or [by] serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2) (emphasis added). Critically, "*a party* may [not] serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Under New Jersey law, service on public bodies beyond the State of New Jersey is effectuated "by serving a copy of the summons and complaint in the manner prescribed by

8

subparagraph (a)(1) of [New Jersey Rule of Court 4:4-4] on the presiding officer or on the clerk or secretary thereof." N.J. Ct. R. 4:4-4(a)(8). New Jersey Rule of Court 4:4-4(a)(1) states service shall be made

> [u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

### A. Service on the City Defendant Was Improper and Insufficient.

In an attempt to effect service on the City Defendant, Cruz elected to personally deliver a copy of the summons on the Clerk's Office at 920 Broad Street, Newark, New Jersey, 07102. (ECF No. 7 at 2.) As such, service was defective for two primary reasons. First, Rule 4 does not allow a party to personally serve a summons. Fed. R. Civ. P. 4(c)(2). Second, both the Federal Rules of Civil Procedure and the New Jersey Court Rules make plain that proper service must include both a copy of the summons and complaint—one without the other is inadequate. Fed. R. Civ. P. 4(j)(2); N.J. Ct. R. 4:4-4(a)(1), (8).

### B. Service on the Apartment Defendants Was Also Improper and Insufficient.

With respect to the Apartment Defendants, Cruz elected to rely solely on certified mail to effectuate service.[8] (ECF No. 7 at 4–7.) Service on Dr. L. Cardoso and Dr. E. Cardoso is governed by Rule 4(e), which allows for service of process as prescribed by the New Jersey Court Rules. New Jersey Court Rule 4:4-4(b) permits service by certified mail under certain circumstances.

---

[8] Nothing in the record indicates Cruz sought to effect personal delivery of process on either Dr. L. Cardoso or Dr. E. Cardoso, nor does it indicate Cruz tried to leave a copy of process with an adult at either of their homes or that he tried to deliver a copy to an authorized agent. *See* Fed. R. Civ. P. 4(e)(1), (2)(A)–(C). Also absent from the record is any indication that Cruz sought a waiver of service from any party. Fed. R. Civ. P. 4(d).

More specifically, under New Jersey law, service may be made by mailing copies of the summons and complaint via registered or certified mail and at the same time by ordinary mail to the defendant's resident or usual place of abode if an affidavit shows that diligent efforts to serve personally have been unsuccessful. N.J. Ct. R. 4:4-4(b)(1)(C). Not only has Cruz failed to discuss any diligent effort made to personally serve Dr. L. Cardoso or Dr. E. Cardoso, critically, he has failed to file an affidavit satisfying any such diligent effort or inquiry. Accordingly, Cruz has failed to properly serve Dr. L. Cardoso and Dr. E. Cardoso.

Additionally, East Side Apartments is a limited liability company. (ECF No. 23-1 at 1.) Pursuant to Rule 4(h)(1)(B), a plaintiff may effect service of process upon an LLC by having an individual, "who is at least [eighteen] years old and *not* a party [to the action]," Fed. R. Civ. P. 4(c)(2) (emphasis added), personally deliver a copy of the summons and complaint "to an officer, director, trustee or managing or general agent, or any other person authorized by appointment or by law to receive service of process," Fed R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff may effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Dr. L. Cardoso "is a member" and Dr. E. Cardoso is the "managing member" of East Side Apartments. (ECF No. 23-1 at 2.) There is no indication either of them—let alone any "officer, director, trustee or managing or general agent, or any other person authorized by appointment or by law to receive service of process"—was personally delivered a copy of the summons or complaint. *See Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

As discussed, New Jersey Court Rules permit substituted service upon an LLC's principal place of business by regular and certified mail when personal service cannot be made "despite diligent effort." N.J. Ct. R. 4:4-4(b)(1)(C). Just as Cruz has failed to include an affidavit showing diligent efforts to personally serve Dr. L. Cardoso and Dr. E. Cardoso, he has failed to include any such affidavit showing that personal service on East Side Apartments could not be made "despite diligent effort." N.J. Ct. R. 4:4-4(b)(1)(C). Additionally, there is also no indication that East Side Apartments has been attempting to evade service. *Strike 3 Holdings, LLC v. Vokoun*, Civ. A. No. 12-14321, 2022 WL 310201, at *2–3 (D.N.J. Feb. 2, 2022) (finding service by certified mail, return receipt requested, and by ordinary mail was sufficient to meet the requirements of N.J. Ct. R. 4:4–4(b)(1)(C) where the record supported that defendant had been actively evading service). Simply put, service by certified mail here on all the Apartment Defendants was improper and insufficient to effectuate service.

Accordingly, the Court lacks personal jurisdiction on Defendants. However, the Court has discretion either to dismiss the action without prejudice or to order Cruz to effect service of process within a certain time. *See* Fed. R. Civ. P. 4(m). The Court finds good cause to extend the time for service and to order Plaintiff to effect service of process within sixty days. Based on the foregoing, the City Defendant's and the Apartment Defendants' Motions to Dismiss for insufficient service of process is **DENIED**.

11

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 19-4, 23-1) are **DENIED**. Cruz will have sixty days from the date of this Opinion to: (1) properly serve Defendants, and (2) file executed summonses and a certification of service detailing how Defendants were served. Failure to do so will result with dismissal. An appropriate order follows.

**Date: April 20, 2026**                              */s/ Brian R. Martinotti*
                                                     **HON. BRIAN R. MARTINOTTI**
                                                     **UNITED STATES DISTRICT JUDGE**